Scott M. DeWolf
State Bar No. 24009990
Sean J. McCaffity
State Bar No. 24013122
ROCHELLE MCCULLOUGH LLP
325 N. St. Paul, Suite 4500
Dallas, Texas 75201
(214) 953-0182
(214) 953-0185

ATTORNEYS FOR THE DEBTOR

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SEMANTRA, INC., | § | CASE NO. 09-33871-BJH |
| | § | |
| DEBTOR. | § | CHAPTER 11 |
| | § | |

## MOTION TO SELL NON-ESSENTIAL TECHNOLOGY ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS

NO HEARING WILL BE CONDUCTED ON THIS MOTION UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1100 COMMERCE, ROOM 12A24, DALLAS, TEXAS 75242-1496, BEFORE THE CLOSE OF BUSINESS ON **September 21, 2009**, WHICH IS MORE THAN TWENTY-THREE (23) DAYS FROM THE DATE OF THIS MOTION'S SERVICE.

ANY RESPONSE MUST BE IN WRITING AND FILED WITH THE CLERK, AND A COPY MUST BE SERVED UPON COUNSEL FOR THE DEBTORS PRIOR TO THE CLOSE OF BUSINESS ON **September 21, 2009**.

IF A RESPONSE IS FILED, A HEARING WILL BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY. IF NO HEARING ON THIS MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR PERMITTING THE NOTICED ACTION TO BE TAKEN.

TO THE HONORABLE BARBARA J. HOUSER,
UNITED STATES CHIEF BANKRUPTCY JUDGE:

COMES NOW, Semantra, Inc. (the "Debtor") and files this Motion to Sell Non-Essential Technology Assets Free and Clear of All Liens, Claims, Encumbrances and Interests (the "Motion") and would respectfully show the Court as follows:

## I.
## JURISDICTION AND VENUE

1. On June 21, 2009 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the U.S. Bankruptcy Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code") thereby initiating the above-captioned case with the Court. Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, the Debtor is operating and managing its business and properties as a debtor-in-possession.

2. This Court has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Motion is a core proceeding under 28 U.S.C. § 157 (b)(2). Venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.
## FACTUAL BACKGROUND

**A. The Sale of Non-Essential Technology Assets.**

3. By virtue of the provisions of the Bankruptcy Code, as debtor in possession, the Debtor has the statutory responsibilities and duties of a trustee, except where specifically excused. *See* H.R. § 200, H.R. Rep. No. 595, 95th Cong., 1st Sess. 404 (1977). As such, the Debtor is serving in the capacity of a Chapter 11 trustee as if appointed by order of this Court.

4. The Debtor is a database search software development company based in Dallas, Texas. The Debtor specialized in the production and development of natural language searching software for enterprise database applications. The Debtor believes it has assembled a portfolio

of proprietary database software and intellectual property that would be difficult to replicate and has substantial value.

5. Unfortunately, the Debtor has been adversely and acutely affected the recent economic downturn. In addition, at the time of the bankruptcy filing, the Debtor was faced with a request for a temporary restraining order to freeze all assets of the Debtor. The request had not yet been granted, but it jeopardized the Debtor's ongoing efforts to consummate a sale of its most valuable assets, which is believed may produce sufficient proceeds to pay all unsecured creditors in full. Consequently, the Debtor filed this case to preserve the value of its assets and enhance the value of the Debtor's assets for its creditors.

6. Because the Debtor had not actually been operating for several months before the Petition Date, it had already begun the process of liquidating its existing assets, including non-essential technology assets. For example, it permitted its primary technology equipment lessor, Forum Financial Services, to repossess its leased equipment pursuant to the terms of the parties' lease agreement. In addition, the Debtor began consolidating storage and took inventory of its remaining non-essential technology assets. The Debtor currently holds a relatively small amount of technology assets that it believes would be prudent to liquidate for the benefit of the estate. A listing of the existing technology assets (the "Assets") the Debtor proposes to sell is attached hereto as **Exhibit A**.

7. Given the nature of the Assets and the marketplace for used technology products, the Debtor believes the most efficient and expeditious method of sale is a private sale to an independent third party for **$10,500.00**. Specifically, the Debtor believes given the relatively small value of the Assets in the present economy that the cost of employing an auctioneer to conduct an auction, online or otherwise, would equal or exceed the any price gain obtained.

8. After consulting with what is believed to be the Debtor's largest unsecured creditor, Forum Leasing, the Debtor determined it was in the best interests of the estate to sell the Assets to Asset Management & Disposal ("AMD"). The Debtor's creditor, Forum Leasing, both recommended AMD and indicated it did not believe the Debtor could obtain a better value for the Assets. The Debtor also believes that $10,500.00 is the best price possible for the Assets under the circumstances.

## III.
## THE PROPOSED SALE OF ASSETS IS WITHIN THE DEBTOR'S SOUND BUSINESS JUDGMENT AND SHOULD THEREFORE BE APPROVED

9. Section 363(b)(1) of the Bankruptcy Code provides that the "trustee [or debtor in possession], after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1); *Cajun Elec. Power Coop., Inc. v. Official Comm. of Unsecured Creditors*, 119 F.3d 349, 354 (5th Cir. 1997). A debtor must demonstrate sound business judgment for a sale of assets outside of the ordinary course of business. *See, e.g., Institutional Creditors of Continental Airlines, Inc. v. Continental Airlines, Inc.*, 780 F.2d 1223, 1226 (5th Cir. 1986).

10. Sound business reasons exist to justify the sale of the Assets. As indicated above, the Debtor is in the process of liquidating its assets in an orderly manner. The Debtor is no longer operating and does not need the Assets to consummate a sale of its principal asset – its intellectual property and proprietary database software. With regard to the proposed sale of the Assets, as set forth above, the Debtor seeks authority to sell the Assets to an independent third party for $10,500.00.

11. Under Section 363(f) of the Bankruptcy Code, a debtor in possession may sell property "under subsection (b) or (c) . . . free and clear of any interest in such property of an

entity other than the estate," subject to certain conditions. In particular, section 363(f) authorizes a debtor to sell property free and clear if:

    (1)    applicable nonbankruptcy law permits sale of such property free and clear of such interest;

    (2)    such entity consents;

    (3)    such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

    (4)    such interest is in bona fide dispute; or

    (5)    such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f); *see also In re Collins*, 180 B.R. 447, 450 (Bankr. E.D. Va. 1995) ("Section 363(f) is phrased in the disjunctive, such that only one of the enumerated conditions must be met in order for the Court to approve the proposed sale."); *In re P.K.R. Convalescent Ctrs., Inc.*, 189 B.R. 90, 94 (Bankr. E.D. Va. 1995) ("[Section] 363 covers more situations than just sales involving liens . . . Section 363(f) addresses sales free and clear of *any* interest . . . ."); *In re Gen. Bearing Corp.*, 136 B.R. 361, 366 (Bankr. S.D.N.Y. 1992).

    12.    Other than a potential statutory lien in favor of certain local taxing authorities, the Debtor is unaware of any (i) liens, encumbrances or interests (collectively, "Interests"), or (ii) "claims" as defined in section 101(5) of the Bankruptcy Code ("Claims") that have been asserted against the Assets. The Debtor believes that the taxing authorities could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest. Furthermore, any proposed Sale Order shall provide that all Interests and Claims attach to the net cash proceeds derived from the liquidation of the Assets in the same validity, force and effect that such

Interests or Claims now have against the Assets, subject to the rights and defenses, if any, of the Debtor with respect thereto.

## IV.
## REQUEST THAT TEN DAY STAY BE WAIVED

13. Pursuant to section 363(b) of the Bankruptcy Code and Rule 2002(a)(2) of the Federal Rules of Bankruptcy Procedure, twenty days' notice is normally required for a use, sale or lease of property outside the ordinary course of business. Here, the Debtor is not requesting shortened notice, although it does not anticipate any objections to the Motion. But the Debtor does request that the provisions of Bankruptcy Rule 6004(h) staying the effectiveness of this Order for ten (10) days be waived, and that any order entered granting this Motion be effective immediately. At the time of the Court's consideration of the matter, a full twenty day notice period will have elapsed and any creditors desiring to object or bid on the non-essential assets will have had an opportunity to do so. Because the Debtor is providing the full notice period and given the relatively small value associated with the Assets, the Debtor respectfully submits that a ten day stay would not be necessary and would unduly hinder the Debtor's ability to liquidate its assets to cash in order to proceed expeditiously to a plan of liquidation.

WHEREFORE, PREMISES CONSIDERED, Debtor respectfully requests that the Court enter an order granting the relief requested herein and any such other and further relief to which they may be entitled.

Dated this 27th day of August, 2009.

Respectfully submitted,

/s/ Sean J. McCaffity
Scott M. DeWolf
State Bar No. 24009990
Sean J. McCaffity
State Bar No. 24013122
ROCHELLE MCCULLOUGH LLP
325 N. St. Paul, Suite 4500
Dallas, Texas 75201
(214) 953-0182
(214) 953-0185

ATTORNEYS FOR THE DEBTOR

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of August, 2009, a true and correct copy of the foregoing Motion to Sell was electronically filed and served via electronic email. Copies of this Motion were served on the attached Service List, by First Class US Mail on the 27th day of August, 2009.

/s/ Sean J. McCaffity
Sean J. McCaffity

**In re Semantra, Inc.**
**Case No. 09-33871-11**
**Master Service List as of July 28, 2009**

**Office of the United States Trustee**

United States Trustee
Office of the United States Trustee
1100 Commerce Street, Room 976
Dallas, TX 75252-1496

**Equity**

| | |
|---|---|
| Blue Heron Software, L.P.<br>2100 McKinney Avenue<br>Suite 1770<br>Dallas, Texas 75201 | Mike Courtney<br>6055 Preston Haven<br>Dallas, Texas 75230 |
| John Cranz<br>P.O. Box 470037<br>Fort Worth, Texas 76147 | Chris Davis<br>5511 Greenbrier Drive<br>Dallas, Texas 75209 |
| Joseph Dillingham<br>6307 Maury Hollow<br>Austin, Texas 78750 | Kelly Dwyer<br>700 Lavaca Street<br>Suite 1020<br>Austin, Texas 78701 |
| Clay Elder<br>2701 Wagonwheel Drive<br>Carrollton, Texas 75006 | Marvin Elder<br>2701 Wagonwheel Drive<br>Carrollton, Texas 75006 |
| K. Shane Hartman<br>361 Oakwood Trail<br>McKinney, Texas 75069 | David Head<br>14228 Regency Place<br>Dallas, Texas 75254 |
| Dan James<br>P.O. Box 1020<br>Aledo, Texas 76008 | Bill Jones<br>2931 Country Place Circle<br>Carrollton, Texas 75006-4790 |
| Neil Kaden<br>Saxon Woods, Apt. #927<br>4440 W. Eldorado Parkway<br>McKinney, Texas 75070 | Derek Lane<br>P.O. Box 2498<br>McKinney, Texas 75070 |

| | |
|---|---|
| William Rainwater<br>P.O. Box 803471<br>Dallas, Texas 75380 | Chris Rauschuber<br>3003 Stanwood Drive<br>Austin, Texas 78757 |
| Mark Roberts<br>5935 Ross Avenue<br>Dallas, Texas 75206 | Charles Shelton<br>273 Lakewood Lane<br>Carrollton, Texas 75006 |
| Diana Smith<br>14232 Marsh Lane, #48<br>Addison, Texas 75001 | Stephanie Smith<br>2005 Moore Drive<br>Plano, Texas 75074 |
| T. McCullough Strother<br>500 N. Akard Street<br>Suite 3550<br>Dallas, Texas 75201 | Craig Tuttle<br>3259 Country Road X<br>Grinnell, Kansas 67738 |
| Judith Tuttle<br>2320 Country Road 32<br>Grinnell, Kansas 67738 | Troy Tuttle<br>8743 Eagle's Landing Drive<br>Manhattan, Kansas 66503 |

**Governmental Agencies and Taxing Authorities**

| | |
|---|---|
| **Counsel for Dallas County**<br>Laurie Spindler Huffman<br>Linebarger Goggan Blair & Sampson, LLP<br>23.23 Bryan Street<br>Suite 1600<br>Dallas, Texas 75201 | |

**Unsecured Creditors**

| | |
|---|---|
| 1105 Media, Inc.<br>9121 Oakdale Avenue<br>Suite 101<br>Chatsworth, California 91311-6526 | 1105 Media, Inc.<br>14901 Quorum Drive<br>Suite 425<br>Dallas, Texas 75254-6907 |
| Ascensus<br>P.O. Box 36469<br>Newark, New Jersey 07188-6469 | Blue Cross and Blue Shield of Texas<br>300 East Randolph Street<br>Chicago, Illinois 60601-5099 |

| | |
|---|---|
| Chubb<br>c/o Swingle, Collins & Associates<br>13760 Noel Road, Suite 600<br>Dallas, Texas 75240-1381 | Chubb Group of Insurance Companies<br>P.O. Box 777-1630<br>Philadelphia, Pennsylvania 19175-1630 |
| Comerica Bank<br>801 East Campbell Road<br>Suite 1000<br>Dallas, Texas 75201 | DeLage Landen Financial Services<br>1111 Oak Eagle School Road<br>Wayne, Pennsylvania 19087 |
| DirecTV<br>13601 Preston Road<br>Dallas, exas 75240-4911 | Dwyer Murphy Calvert, LLP<br>700 LaVaca Street<br>Suite 1020<br>Austin, Texas 78701 |
| General Glyphics, Inc.<br>6510 Abrams Road<br>Suite 425<br>Dallas, Texas 75231 | Gunslinger Software & Consulting, Inc.<br>P.O. Box 2498<br>Arlington, Texas 76001 |
| Harte-Hanks Market Intelligence, Inc.<br>9980 Huennekens Street<br>San Diego, California 92121 | James Malloy<br>3101 Townbluff Drive, #713<br>Plano, Texas 75075 |
| Merrill Lynch<br>c/o John Graham<br>2100 Ross Avenue, Suite 1000<br>Dallas, Texas 75201 | Metlife<br>Small Business Center<br>P.O. Box 804466<br>Kansas City, Missouri 64180-4466 |
| MODO Networks<br>1515 N. Town E. Blvd.<br>Suite 138-237<br>Mesquite, Texas 75150-4142 | Tech Plan, Inc.<br>717 Taylor Drive<br>Plano, Texas 75074-6778 |
| TimeWarner Telecom<br>2805 North Dallas Parkway<br>Suite 140<br>Plano, Texas 75093 | |

**Parties Requesting Notice**

| | |
|---|---|
| John Cranz<br>P.O. Box 470037<br>Fort Worth, Texas 76147-0037 | DeLage Landen Financial Services<br>8001 Birchwood Court<br>Johnston, Iowa 50131-2889 |

| | |
|---|---|
| DirecTV<br>2230 E. Imperial Highway<br>El Segundo, California 90245-3501 | FSP Texas Plaza, L.P.<br>5055 Keller Springs<br>Suite 150<br>Addison, Texas 75001-6290 |
| Forum Financial Services, Inc.<br>275 West Campbell Road<br>Suite 320<br>Richardson, Texas 75080-8004 | J Global Limited<br>Box 3, RR5<br>Site 500<br>Saskatoon, Saskatchewan S7K3J8 |
| Jim Janicki, CEO<br>Ignite Technologies<br>3211 Internet Blvd.<br>Suite 300<br>Frisco, Texas 75034-1948 | Helio Rosenthal<br>2004 Angelman Drive<br>Euless, Texas 76039-3053 |
| Dennis Simpson<br>2219 Cedar Circle<br>Carrollton, Texas 75006-1926 | Mohammad Taha<br>1020 West Abram #134<br>Arlington, Texas 76013-6921 |
| TW Telecom, Inc.<br>Linda Boyle<br>10475 Park Meadows Drive, #400<br>Littleton, Colorado | Counsel for Forum Financial Services, Inc.<br>Kenneth A. Hill<br>Quilling, Selander, Cummiskey & Lownds, PC<br>2001 Bryan Street, Suite 1800<br>Dallas, Texas 75201 |
| Counsel for FSP Texas Plaza, L.P.<br>Viki Livesay, Esq.<br>5115 McKinney Avenue<br>Suite E<br>Dallas, Texas 75025 | |