Scott M. DeWolf
State Bar No. 24009990
Sean J. McCaffity
State Bar No. 24013122
ROCHELLE MCCULLOUGH LLP
325 N. St. Paul, Suite 4500
Dallas, Texas 75201
(214) 953-0182
(214) 953-0185

ATTORNEYS FOR THE DEBTOR

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SEMANTRA, INC., | § | CASE NO. 09-33871-BJH |
| | § | |
| DEBTOR. | § | CHAPTER 11 |
| | § | |

## MOTION TO (I) AUTHORIZE AUCTION AND SALE OF PROPERTY FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS PURSUANT TO 11 U.S.C. § 363(f) AND (II) APPROVE BIDDING PROCEDURES

HEARING DATE ON THE MOTION IS SET FOR **SEPTEMBER 30, 2009** AT **1:15 P.M.**, WHICH IS MORE THAN TWENTY-THREE (23) DAYS FROM THE DATE OF SERVICE HEREOF. NO OBJECTION TO THE MOTION WILL BE CONSIDERED UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1100 COMMERCE STREET, ROOM 1254, DALLAS, TEXAS 75242-1496, AT LEAST FORTY-EIGHT (48) HOURS IN ADVANCE OF SUCH HEARING DATE.

ANY RESPONSE MUST BE IN WRITING AND FILED WITH THE CLERK, AND A COPY MUST BE SERVED UPON COUNSEL FOR THE MOVING PARTY BEFORE THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED, A HEARING WILL BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.

IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.

TO THE HONORABLE BARBARA J. HOUSER,
UNITED STATES CHIEF BANKRUPTCY JUDGE:

**COMES NOW**, Semantra, Inc. (the "Debtor") and files this Motion to (I) Sell Property Free and Clear of All Liens, Claims, Encumbrances and Interests Pursuant to 11 U.S.C. § 363(f) and (II) Approve Marketing and Bidding Procedures (the "Motion") and would respectfully show the Court as follows:

## I.
## JURISDICTION AND VENUE

1. On June 21, 2009 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the U.S. Bankruptcy Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code") thereby initiating the above-captioned case with the Court. Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, the Debtor is operating and managing its business and properties as a debtor-in-possession.

2. This Court has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Motion is a core proceeding under 28 U.S.C. § 157 (b)(2). Venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.
## FACTUAL BACKGROUND

**A.  The Proposed Sale of Assets and Current Ongoing Marketing Efforts.**

3. By virtue of the provisions of the Bankruptcy Code, as debtor in possession, the Debtor has the statutory responsibilities and duties of a trustee, except where specifically excused. *See* H.R. § 200, H.R. Rep. No. 595, 95th Cong., 1st Sess. 404 (1977). As such, the Debtor is serving in the capacity of a Chapter 11 trustee as if appointed by order of this Court.

4. The Debtor is a database search software development company based in Dallas, Texas. The Debtor specialized in the production and development of natural language searching software for enterprise database applications. The Debtor believes it has assembled a portfolio of proprietary database software and intellectual property that would be difficult to replicate and has substantial value. The Debtor desires to sell these assets for the benefit of its estate and its creditors. A listing of the assets proposed to be sold is attached hereto as **Exhibit A** (the "Assets").

5. On July 9, 2009, the Debtor filed its Application to Employ River Rock Holdings, LLC (the "River Rock Application") seeking the Court's authorization to employ River Rock Holdings, LLC ("River Rock") to act as a financial advisor and assist in the marketing and sale of the Debtor's central technology assets. River Rock and the Debtor have been actively involved in marketing the Assets to potential buyers.

6. The Debtor and/or River Rock have either contacted or been contacted by numerous third parties interested in purchasing the Assets. The Debtor has either entered into discussions or is actively attempting to schedule a marketing meeting with at least 15 different technology companies. Given the existing economic uncertainty nationwide and the general depression in the technology market, the Debtor has not received an offer to purchase the Assets prior to the filing of this Motion.

7. The Debtor, in its business judgment and after consulting with its professionals, believes that the Estate will realize the highest and best price for the Assets if the Court authorizes the Debtor to conduct a public sale of the Assets and permit the Debtor to immediately finalize and consummate such a sale once it evaluates and selects the highest and

best offer. The Debtor expects to utilize the bankruptcy-sale process to obtain value for its Estate and proposes to conduct an auction at which it will sell the Assets.

8. By this Motion, the Debtor seeks an entry of an Order (the "Bid Procedures Order") in the form attached hereto as **Exhibit B**:

  (a) authorizing and scheduling a public auction on October 5, 2009 or such other time as the Debtor determines is in the best interests of the estate, (the "Auction") for the sale of the Assets, free and clear of all liens, claims and encumbrances, and interests (the "Sale");

  (b) approving bid procedures substantially in the form attached as **Exhibit C** (the "Bid Procedures"), for the submission of offers for the Assets; and

  (c) approving the form and manner of notice substantially in the form attached as **Exhibit D** pursuant to Bankruptcy Rule 2002 (the "Notice of Auction").[1]

9. The Bid Procedures have been formulated to encourage bidding and maximize the Estate's return on the Assets.

10. Pursuant to Bankruptcy Rule 6004(f)(1), a sale of property outside the ordinary course of business may be by private sale or public auction. The Debtor believes that good cause exists to expose the Assets to a sale by public auction and to approve the attached Bid Procedures. The Debtor will be filing a Motion for Order Approving the Sale of Assets (the "Sale Motion") shortly after this Bid Procedures Motion. The Debtor intends to first request the Court to approve the Bid Procedures Motion at a hearing on September 30, 2009 then to conduct an auction of the Assets on October 5, 2009 or shortly thereafter, and finally to request the Court to approve this Sale Motion at a hearing shortly thereafter, depending on the Court's availability, so that the transfer of the Assets to the Successful Bidder may be completed and the Sale closed.

---

[1] The Debtor will file with the Court a separate motion seeking final approval of the Assets to the higher or better Qualifying Bids (the "Sale Motion").

## B. The Bid Procedures.

11. The Debtor requests that the Court authorize it, in accordance with the Bid Procedures, to solicit Qualifying Bids for the Assets. The Debtor will hold the Auction at which Qualifying Bidders, whose Qualifying Bids meet the requirements of the Bid Procedures, may compete to offer bids that the Debtor will determine to be the highest and/or best offer for the Assets. Such bids will be submitted to the Court for approval at the hearing (the "Sale Hearing") to approve the Sale Motion.

12. Pursuant to the Bid Procedures, the Debtor seeks to conduct the Auction according to a schedule that is designed to provide prospective bidders with enough time to (a) conduct due diligence and (b) prepare their bids. Because of the Debtor's marketing efforts, to date, the relatively small pool of potential purchasers, and the Debtor's service of this Motion, as well as a Sale Motion in the following weeks, there exists ample time to all interested purchasers to conduct necessary due diligence and make appropriate bids at a public auction currently proposed on October 5, 2009. As such, the Bid Procedures will preserve and maximize value for the benefit of the Estate. When bidding for the Assets, all such bidders must abide by the Bid Procedures, which are set forth in their entirety in **Exhibit C**.

13. The Debtor reserves the right, in its reasonable business judgment, to (a) impose, at or before the Auction, additional terms and conditions on a sale of the Assets consistent with the Bid Procedures Order; (b) extend the deadlines set forth in the Bid Procedures no more than three business days; (c) adjourn the Auction for no more than three business days; (d) adjourn the Sale Hearing in open court without further notice; (e) withdraw from the Auction all or a portion of the Assets at any time before or during the Auction or cancel the Auction; (f) reject all Qualifying Bids if no bid is, in the Debtor's reasonable business judgment, for fair and adequate

consideration; and (g) modify the Bid Procedures, including, without limitation, any and all processes and rules regarding conduct of activities at the Auction, including, among other things, the manner in which bids are submitted and the permitted increments of such bids.

C. **Notice of the Bid Procedures, Auction and Proposed Sale.**

14. For the reasons set forth herein, and while providing the requisite notice of the proposed sale under Bankruptcy Rule 2002, the Debtor wishes to proceed to the Auction and Sale Hearing expeditiously.

15. In accordance with Bankruptcy Rule 2002, the Debtor proposes to give notice of the Bid Procedures, the Auction and the proposed Sale in the following form and manner:

> Debtor proposes to serve by first-class mail, as soon as practicable following entry on the docket of the Bid Procedures Order, the Notice of Auction, substantially in the form attached hereto as **Exhibit D**, and without exhibits, on (a) all parties on the Service List; (b) federal, state and local regulatory and taxing authorities that are reasonably ascertainable by the Debtor to have a known interest in the Assets; and (c) those parties identified as potential purchasers of the Assets.

The Debtor has no secured lender and there are no executory contracts or unexpired leases being assumed in connection with the proposed sale. The Debtor has already reached out and in its marketing efforts to the group of potential technology companies most likely to acquire the specialized technology for sale and believes that the Notice of Auction will provide sufficient notice to all interested parties. Moreover, the service of this Motion and the Sale Motion will serve as additional notice of the Debtor's intent to propose a use or sale of property under Federal Rule of Bankruptcy Procedures 2002 and 6004.

16. The Debtor submits that the foregoing notice is reasonably calculated to provide timely and adequate notice of the Bid Procedures, Auction, proposed Sale and all proceedings to

be held thereon to creditors and other parties-in-interest of the Debtor as well as those who have expressed interest or may express interest in bidding on the Assets.

17. Based upon the foregoing, the Debtor submits that the relief requested herein is in the best interests of the Debtor and its Estate and should be granted in all respects. The Debtor believes that the Auction and proposed Bid Procedures will promote active bidding from seriously interested parties and will identify the higher and/or best offer available for the Assets. The proposed Bid Procedures will allow the Debtor to conduct the Auction in a controlled, fair and open fashion that will encourage participation by financially capable bidders who demonstrate the ability to close a transaction. The Debtor believes that the Bid Procedures are (a) sufficient to encourage bidding for the Assets; (b) consistent with other procedures previously approved by this Court and (c) appropriate under the relevant standards governing auction proceedings and bidding incentives in bankruptcy cases.

WHEREFORE, PREMISES CONSIDERED, Debtor respectfully requests that the Court enter an order granting the relief requested herein and any such other and further relief to which they may be entitled.

Dated this 4th day of September, 2009.

>                             Respectfully submitted,
>
>                             /s/ Sean J. McCaffity
>                             Scott M. DeWolf
>                             State Bar No. 24009990
>                             Sean J. McCaffity
>                             State Bar No. 24013122
>                             ROCHELLE MCCULLOUGH LLP
>                             325 N. St. Paul, Suite 4500
>                             Dallas, Texas 75201
>                             (214) 953-0182
>                             (214) 953-0185
>                             ATTORNEYS FOR SEMANTRA, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of September, 2009, a true and correct copy of the foregoing Motion to Sell was electronically filed and served via electronic email to those parties receiving ECF notices of this case. Copies of this Motion were served on the attached Service List, by First Class US Mail on the 4th day of September, 2009.

*/s/ Sean J. McCaffity*
Sean J. McCaffity

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of September, 2009, a true and correct copy of the foregoing Motion to Sell was electronically filed and served via electronic email to those parties receiving ECF notices of this case. Copies of this Motion were served on the attached Service List, by First Class US Mail on the 4th day of September, 2009.

*/s/ Sean J. McCaffity*
Sean J. McCaffity

| In re Semantra, Inc.<br>Case No. 09-33871-11<br>Master Service List as of September 1, 2009 | |
|---|---|
| **Office of the United States Trustee** | |
| United States Trustee<br>Office of the United States Trustee<br>1100 Commerce Street, Room 976<br>Dallas, TX 75252-1496 | |
| **Equity** | |
| Blue Heron Software, L.P.<br>2100 McKinney Avenue<br>Suite 1770<br>Dallas, Texas 75201 | Mike Courtney<br>6055 Preston Haven<br>Dallas, Texas 75230 |
| John Cranz<br>P.O. Box 470037<br>Fort Worth, Texas 76147 | Chris Davis<br>5511 Greenbrier Drive<br>Dallas, Texas 75209 |
| ~~Joseph Dillingham~~<br>~~6307 Maury Hollow~~<br>~~Austin, Texas 78750~~<br>RETURNED | Kelly Dwyer<br>700 Lavaca Street<br>Suite 1020<br>Austin, Texas 78701 |
| Clay Elder<br>2701 Wagonwheel Drive<br>Carrollton, Texas 75006 | Marvin Elder<br>2701 Wagonwheel Drive<br>Carrollton, Texas 75006 |
| K. Shane Hartman<br>361 Oakwood Trail<br>McKinney, Texas 75069 | David Head<br>14228 Regency Place<br>Dallas, Texas 75254 |
| Dan James<br>P.O. Box 1020<br>Aledo, Texas 76008 | Bill Jones<br>2931 Country Place Circle<br>Carrollton, Texas 75006-4790 |
| Neil Kaden<br>Saxon Woods, Apt. #927<br>4440 W. Eldorado Parkway<br>McKinney, Texas 75070 | Derek Lane<br>P.O. Box 2498<br>McKinney, Texas 75070 |

| | |
|---|---|
| William Rainwater<br>P.O. Box 803471<br>Dallas, Texas 75380 | Chris Rauschuber<br>3003 Stanwood Drive<br>Austin, Texas 78757 |
| Mark Roberts<br>5935 Ross Avenue<br>Dallas, Texas 75206 | Charles Shelton<br>273 Lakewood Lane<br>Carrollton, Texas 75006 |
| Diana Smith<br>14232 Marsh Lane, #48<br>Addison, Texas 75001 | ~~Stephanie Smith~~<br>~~2005 Moore Drive~~<br>~~Plano, Texas 75074~~<br>RETURNED |
| T. McCullough Strother<br>500 N. Akard Street<br>Suite 3550<br>Dallas, Texas 75201 | Craig Tuttle<br>3259 Country Road X<br>Grinnell, Kansas 67738 |
| Judith Tuttle<br>2320 Country Road 32<br>Grinnell, Kansas 67738 | Troy Tuttle<br>8743 Eagle's Landing Drive<br>Manhattan, Kansas 66503 |
| **Governmental Agencies and Taxing Authorities** ||
| **Counsel for Dallas County**<br>Laurie Spindler Huffman<br>Linebarger Goggan Blair & Sampson, LLP<br>23.23 Bryan Street<br>Suite 1600<br>Dallas, Texas 75201 | |
| **Unsecured Creditors** ||
| 1105 Media, Inc.<br>9121 Oakdale Avenue<br>Suite 101<br>Chatsworth, California 91311-6526 | 1105 Media, Inc.<br>14901 Quorum Drive<br>Suite 425<br>Dallas, Texas 75254-6907 |
| Ascensus<br>P.O. Box 36469<br>Newark, New Jersey 07188-6469 | Blue Cross and Blue Shield of Texas<br>300 East Randolph Street<br>Chicago, Illinois 60601-5099 |

| | |
|---|---|
| Chubb<br>c/o Swingle, Collins & Associates<br>13760 Noel Road, Suite 600<br>Dallas, Texas  75240-1381 | Chubb Group of Insurance Companies<br>P.O. Box 777-1630<br>Philadelphia, Pennsylvania  19175-1630 |
| Comerica Bank<br>811 East Campbell Road<br>Suite 142<br>Richardson, Texas  75081 | DeLage Landen Financial Services<br>1111 Oak Eagle School Road<br>Wayne, Pennsylvania  19087 |
| ~~DirecTV~~<br>~~13601 Preston Road~~<br>~~Dallas, Texas  75240-4911~~<br>RETURNED | Dwyer Murphy Calvert, LLP<br>700 LaVaca Street<br>Suite 1020<br>Austin, Texas  78701 |
| General Glyphics, Inc.<br>6510 Abrams Road<br>Suite 425<br>Dallas, Texas  75231 | ~~Gunslinger Software & Consulting, Inc.~~<br>~~P.O. Box 2498~~<br>~~Arlington, Texas  76001~~<br>RETURNED |
| Harte-Hanks Market Intelligence, Inc.<br>9980 Huennekens Street<br>San Diego, California  92121 | James Malloy<br>3101 Townbluff Drive, #713<br>Plano, Texas  75075 |
| Merrill Lynch<br>c/o John Graham<br>2100 Ross Avenue, Suite 1000<br>Dallas, Texas  75201 | Metlife<br>Small Business Center<br>P.O. Box 804466<br>Kansas City, Missouri  64180-4466 |
| MODO Networks<br>1515 N. Town E. Blvd.<br>Suite 138-237<br>Mesquite, Texas  75150-4142 | Tech Plan, Inc.<br>717 Taylor Drive<br>Plano, Texas  75074-6778 |
| TimeWarner Telecom<br>2805 North Dallas Parkway<br>Suite 140<br>Plano, Texas  75093 | |
| **Parties Requesting Notice** | |
| John Cranz<br>P.O. Box 470037<br>Fort Worth, Texas  76147-0037 | DeLage Landen Financial Services<br>8001 Birchwood Court<br>Johnston, Iowa  50131-2889 |

| | |
|---|---|
| DirecTV<br>2230 E. Imperial Highway<br>El Segundo, California 90245-3501 | FSP Texas Plaza, L.P.<br>5055 Keller Springs<br>Suite 150<br>Addison, Texas 75001-6290 |
| Forum Financial Services, Inc.<br>275 West Campbell Road<br>Suite 320<br>Richardson, Texas 75080-8004 | J Global Limited<br>Box 3, RR5<br>Site 500<br>Saskatoon, Saskatchewan S7K3J8 |
| Jim Janicki, CEO<br>Ignite Technologies<br>3211 Internet Blvd.<br>Suite 300<br>Frisco, Texas 75034-1948 | Helio Rosenthal<br>2004 Angelman Drive<br>Euless, Texas 76039-3053 |
| Dennis Simpson<br>2219 Cedar Circle<br>Carrollton, Texas 75006-1926 | ~~Mohammad Taha~~<br>~~1020 West Abram #134~~<br>~~Arlington, Texas 76013-6921~~<br>RETURNED |
| TW Telecom, Inc.<br>Linda Boyle<br>10475 Park Meadows Drive, #400<br>Littleton, Colorado | Counsel for Forum Financial Services, Inc.<br>Kenneth A. Hill<br>Quilling, Selander, Cummiskey & Lownds, PC<br>2001 Bryan Street, Suite 1800<br>Dallas, Texas 75201 |
| Counsel for FSP Texas Plaza, L.P.<br>Viki Livesay, Esq.<br>5115 McKinney Avenue<br>Suite E<br>Dallas, Texas 75025 | |