# EXHIBIT C

# BID PROCEDURES

These procedures (the "Bid Procedures") describe the process by which Semantra in this Chapter 11 case has been authorized to conduct a sale by public auction (the "Auction") of the below-described assets. These Bid Procedures were approved by order dated [▓▓▓▓▓▓▓, 2009] (the "Bid Procedures Order").

### A. Assets to be Sold.

The "Assets" that are being sold at the Auction are Semantra's interest in its intellectual property and proprietary database software. The Assets are described on Exhibit A to the Motion to Approve Auction and Bid Procedures.

### B. Acceptance of Bids.

Semantra will accept bids for the purchase of the Assets through its counsel, Rochelle McCullough LLP, 325 North St. Paul Street, Suite 4500, Dallas, Texas 75201, Attention: Sean J. McCaffity, Esq. or Scott M. Dewolf, Esq., as provided herein (each such bid, a "Bid"). At the Sale Hearing, Semantra will seek approval of the highest and/or best Qualifying Bid, as determined by Semantra. To be a Qualifying Bid, a Bid must satisfy all of the following requirements:

(i) The Bid must be submitted in writing and received by (a) Semantra's counsel not later than **4:00 p.m. (CDT)** on **October 1, 2009** (the "Bid Deadline"):

SEMANTRA
Sean J. McCaffity or Scott M. Dewolf
Rochelle McCullough, LLP
325 North St. Paul Street, Suite 4500
Dallas, Texas 75201

(ii) The Bid must be for the purchase of 100% of the Assets.

(iii) The Bid must clearly state the entity or entities that are acquiring the Assets.

(iv) The Bid must state the proposed purchase price for the Assets and must be no lower than $2,000,000.00 ("Minimum Bid").

(v) The Bid must be accompanied by evidence reasonably satisfactory to Semantra demonstrating the prospective bidder's financial ability to close no later than **October 15, 2009**, or such later date as described below.

(vi) The Bid must be a "firm offer" and not contain any contingencies to the validity, effectiveness, or binding nature of the offer, including, without limitation, contingencies for financing, due diligence or inspection.

(vi) The Bid must be submitted with an earnest-money deposit, in cash or in other form of immediately available U.S. funds, in an amount equal to 10% of the Minimum Bid (the "Deposit").

(vii) The Bid must use the form of the purchase and sale agreement ("PSA") attached to the Motion to Approve Sale, which will be filed subsequent to the Motion to Approve Auction Procedures, and must be submitted in both clean and redlined versions to indicate all differences between the Bid and the PSA. A copy of the PSA may be obtained by contacting Debtor's counsel. Semantra may accept modifications to the documents submitted by a prospective bidder who otherwise complies with these requirements if Semantra determines, in the exercise of its business judgment, that the Bid as a whole represents a higher and/or better offer.

Any Bid submitted in accordance with the foregoing procedures shall be deemed a "Qualifying Bid." Each bidder submitting a Qualifying Bid shall be deemed a "Qualifying Bidder."

### C. Access to Information.

Any entity that desires to submit a Qualifying Bid for the Assets shall be permitted to conduct and complete reasonable due diligence before the Bid Deadline as set forth herein. Each entity seeking to submit a Bid shall, upon execution of a confidentiality agreement in the form provided by Semantra, be provided due-diligence materials containing information about the Assets.

### D. Stalking Horse Bidders.

Semantra may select a "stalking horse bidder" for the Assets, in the Debtor's sole discretion. Stalking horse bidders will be selected by Semantra and disclosed by sending a notice identifying the stalking horse bidder and the amount of the stalking horse bid by **October 2, 2009** to all Qualified Bidders and other parties identified as potential interested buyers.

The stalking horse bidder shall be entitled to a "breakup fee" of no more than five percent (5%) of the total purchase price offered for the Assets by the stalking horse bidder in its opening bid. The breakup fee shall be paid only in the event the stalking horse bidder has not submitted the Successful Bid or Successful Back-Up Bid (as these terms are defined below) and the sale to such other Qualified Bidder has been

consummated and finalized. The breakup fee shall be paid on or before ten (10) days from the closing of such sale.

### E. Auction and Selection of Winning Bid.

If Semantra receives Qualifying Bids, on **October 5, 2009**, or such other time and location as may be designated by Semantra and communicated to Qualifying Bidders on not less than two (2) business day's notice, Semantra shall conduct the Auction to determine which Qualifying Bid comprises the higher and/or best offer for the purchase of the Assets.

Each Qualifying Bidder is invited to attend and bid at the Auction. Unless otherwise stated, the Auction shall be held at the offices of Rochelle McCullough, LLP, 325 North St. Paul Street, Suite 4500, Dallas, Texas 75201. Unless otherwise announced by Semantra at the commencement of the Auction, the following procedures shall govern the Auction:

(i) For its Qualifying Bid to be considered at the Auction, a Qualifying Bidder must appear in person at the Auction or through a duly-authorized representative unless alternative arrangements are made in advance with Semantra.

(ii) The Auction will commence with the announcement of the higher and/or best offer for the purchase of the Assets, as determined by Semantra.

(iii) If multiple Qualifying Bids are received for the Assets, Qualifying Bidders shall have the right to improve their respective bids at the Auction. Such overbids must be made in minimum increments of $100,000.00 for the Assets.

(iv) In the event of an Auction involving a stalking horse bidder, the first overbid for the assets subject to the stalking horse bid must exceed the stalking horse bid by at least $250,000 plus the amount of the breakup fee.

At the conclusion of the overbidding, Semantra will select the highest and/or best Qualifying Bid for the Assets (such Qualifying Bid, a "Successful Bid"). Semantra will also select the next highest and/or best Qualifying Bid, if any, for the Assets (such Qualifying Bid, a "Successful Back-up Bid").

Semantra reserves the right to reject, at any time before the Sale Hearing, any Bid or Qualifying Bid that Semantra determines is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bankruptcy Code or these Bid Procedures or (iii) contrary to the best interests of Semantra, its estate and the creditors thereof.

### F. Bids to Remain Open.

Notwithstanding Semantra's acceptance of another Qualifying Bid as the Successful Bid or Successful Back-up Bid, all Qualifying Bids shall remain open and irrevocable until the Closing that they may be accepted and consummated without further Order of the Court in the event a sale to a Successful Bidder or Successful Back-up Bidder is either not approved by the Court or not consummated on the Effective Date.

### G. Sale Hearing.

Semantra shall seek approval of the Successful Bid and Successful Back-up Bid for the Assets at a hearing (the "Sale Hearing") before the Honorable Barbara J. Houser, United States Bankruptcy Judge in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Court"), 1100 Commerce Street, Room 1254, Dallas, Texas 75242 at such time as duly noticed at the time the Motion to Sell is filed with the Court.

Any Qualifying Bidder whose Qualifying Bid is finally approved by the Court and authorized to be consummated by Semantra shall be referred to herein as a "Purchaser."

### H. Closing.

Semantra shall use commercially reasonable efforts to consummate the Court-approved transaction within five (5) business days after entry of an order approving such transaction (the "Closing"); provided, however, the Purchaser shall have until October 15, 2009 to consummate the Closing.

In connection with the Closing, the Purchaser's Deposit shall be applied by Semantra against the cash portion of the purchase price paid by the Purchaser at the Closing.

The conveyance of the Assets at closing will be by non-recourse assignment, "AS IS, WHERE IS," without any warranty or representation of any kind, nature, or description by the Debtor, its agents or estate. The Assets will be conveyed to the Purchaser free and clear of all liens, claims and encumbrances in accordance with Section 363 of the Bankruptcy Code.

### I. Deposits.

All Deposits received shall be maintained in a segregated account and be subject to the jurisdiction of the Court.

Except as otherwise set forth below, within a reasonable time after the Closing, and without further order of this Court, Semantra shall return the Deposit to each Qualifying Bidder that is not the Purchaser.

### K. Successful Bidder Default.

If any Purchaser fails to close the purchase of the Assets after approval of the Successful Bid by the Court at the Sale Hearing, such Purchaser's Deposit, together with any interest paid thereon, shall be forfeited to, and retained irrevocably by Semantra, and Semantra specifically reserves the right to seek all appropriate additional damages from any such Purchaser.

### L. Jurisdiction of Court.

All Qualifying Bidders are deemed to have submitted to the exclusive jurisdiction of the Court with respect to all matters relating to the sale of the Assets and the transactions contemplated thereby.

### M. Costs and Expenses.

Each bidder (whether or not a Qualifying Bidder) shall bear its own costs and expenses (including any legal or other professionals' fees and expenses) incurred in connection with its investigation and evaluation of the Assets. The costs and expenses incurred by Semantra will be borne by Semantra's estate.

No other finder's fees, broker's fees, or commissions will be paid by Semantra in connection with any transaction that may result hereby.

### N. Reservation of Rights; Deadline Extensions.

Semantra reserves the right in its reasonable business judgment to (i) impose, at or before the Auction, additional terms and conditions on a sale of Assets consistent with the Bid Procedures Oder; (ii) extend the deadlines set forth in the Bid Procedures for no more than three business days; (iii) adjourn the Auction for no more than three business days; (d) adjourn the Sale Hearing in open court without further notice; (e) withdraw from the Auction all or a portion of the Assets at any time before or during the Auction or cancel the Auction; (f) reject all Qualifying Bids if no bid is, in the Debtor's reasonable business judgment, for fair and adequate consideration; and (g) modify the Bid Procedures, including, without limitation, any and all processes and rules regarding conduct of activities at the Auction, including, among other things, the manner in which bids are submitted and the permitted increments of such bids.